## IN THE COURT OF APPEALS OF IOWA

No. 18-1187
Filed February 20, 2019

**IN THE INTEREST OF K.G. and H.S.,**
**Minor Children,**

**S.B., Mother,**
         Appellant.
_____

       Appeal from the Iowa District Court for Wapello County, William Owens,

Associate Juvenile Judge.


       A mother appeals the termination of her parental rights.  **AFFIRMED.**



       William C. Glass, Keosauqua, for appellant mother.

       Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

       Mary Baird Krafka of Krafka Law Office, Ottumwa, guardian ad litem for

minor children.



       Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court's termination of her parental rights. She claims the State failed to show the need for removal would no longer exist after six months and failed to prove by clear and convincing evidence termination is in the children's best interests. We affirm the juvenile court's order.

## I.        Background Facts & Proceedings

S.B. is the mother of two children; K.G., whose natural father is G.J. and legal parent is S.B.'s wife Ka.G., was born in 2012; and H.S., whose natural father is T.S., was born in 2014.

On August 23, 2016, the Iowa Department of Human Services (DHS) was alerted the mother was using methamphetamine while caring for the children. The mother and children were living with T.S. and his wife, who were also using methamphetamine. The children were placed with a friend of the family under a safety plan; K.G. moved to T.S.'s mother's care in September.[1] On October 4, the court adjudicated the children in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2016). K.G. was placed with T.S.'s mother; H.S. was placed with the family friend, then transferred to the paternal grandmother's care on November 9.

In November, the mother entered a residential substance-abuse treatment program, briefly leaving and returning after a conflict with staff, and ultimately leaving the program voluntarily without completing her treatment. The mother

---

[1]   At that time, K.G. was believed to be the natural child of T.S. Later paternity testing identified G.J. as K.G.'s natural father instead. K.G. knows T.S. as father and T.S.'s mother as grandmother. T.S.'s mother had been K.G.'s primary caretaker for much of the child's life.

failed to appear at most court hearings and generally did not attend visitation with the children. The mother provided no way for DHS to contact her and several times her whereabouts were unknown. She did not participate in substance-abuse or mental-health treatment or any other services offered. The mother attended visitation with the children only a handful of times between August 2016 and April 2018 and did not call to talk to the children. The mother was arrested multiple times and was in and out of jail between April 2017 and April 2018 for drug possession, vehicle offenses, theft, and forgery. In May 2018, she entered a substance-abuse residential treatment program, but voluntarily left before completing treatment in early June. The mother had three visitations with the children in May and June. The mother testified to being in an outpatient treatment program at the time of trial and having prescriptions for depression and anxiety.

The court held the termination hearing on June 26. The court heard testimony from the social worker, the family services provider, and the mother. The mother testified she had been clean from illegal substances for over two months at the time of the hearing. The same day, the court terminated the mother's rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2018) as to K.G. and section 232.116(e) and (h) as to H.S.[2]

## II. Standard of Review

Our review of termination-of-parental-rights cases is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence

---

[2] Ka.G. consented to termination of her parental rights to K.G. pursuant to Iowa Code section 232.116(1)(a). G.J.'s parental rights were terminated pursuant to section 232.116(1)(e) and (f); T.S.'s parental rights were terminated pursuant to section 232.116(1)(h). Neither father appeals.

of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Where there is clear and convincing evidence, there are "no serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (citation omitted). The paramount concern in termination proceedings is the best interest of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). "We give weight to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by them." *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

### III. Analysis

The mother does not contest sufficient evidence supports the termination of her parental rights under section 232.116(1)(e), (f), or (h). Rather, she claims the court should have granted her an additional six months to achieve reunification and termination is not in the children's best interests. We agree with the district court the State has provided clear and convincing evidence for termination of the mother's rights under section 232.116(1)(e), (f), and (h).

*Six-month extension.* The legislature has determined the time frame for a parent to show the ability to act as a parent—for children three years old and younger, that time frame is six months, with twelve months available when the child is four years old or more. *See* Iowa Code § 232.116(1)(f)(3), (h)(3). This time frame was established to "balance the parent's efforts and the child's long-term best interests." *D.W.*, 791 N.W.2d at 708.

In order to grant a six-month extension, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes" providing a basis to determine the children will be able to return to the parent at

the end of the additional six months. Iowa Code § 232.104(2)(b). The burden is not on the State to prove an extension is not appropriate as the mother asserts. Rather, the court needs evidence to support a finding the mother would be able to care for the children within six months in order to grant an extension. "The judge considering [a six-month extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (citation omitted).

Here, the court had previously granted a six-month extension based on the father's effort and positive steps toward reunification. The mother had twenty-two months to take steps toward reunification and failed to make use of the services offered. She walked out of a residential treatment program three weeks before the hearing and did not provide any evidence of the outpatient substance-abuse treatment program she testified to attending in June. She has not made an effort to call the children or visit them on a regular basis. The mother's resistance to services offered, her last-minute efforts for treatment, her pending criminal charges, and the lack of contact with the children all weigh against a finding another six months would eliminate the need for the removal. *See id.* at 93. We find a six-month extension is not warranted.

*Best interests of the children.* "In considering whether to terminate, 'the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (quoting Iowa Code § 232.116(2)). This consideration may

also include "the ability of the parent to properly care for the child[ren] and the presence of another family to provide the care." *D.W.*, 791 N.W.2d at 708. The children deserve constant, responsible, and reliable parenting in a stable home. *A.B.*, 815 N.W.2d at 777. The grandmother was often the caretaker for the children before their removal, and has provided a safe, stable home environment for them since late 2016, and she has expressed a desire to adopt the children and make the home permanent. The children have thrived in the grandmother's care. The children are closely bonded to the grandmother and we see no evidence of a close bond between the mother and the children. We find termination is in the children's best interests.

**AFFIRMED.**